UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VIVIAN JANET BOWMAN, Plaintiff,

v. Civil Action No. 3:19-cv-331-DJH

DAVID FIORINI *et al.*, Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to dismiss this action for failure to meet the notice-pleading standard of Fed. R. Civ. P. 8 and for lack of subject-matter jurisdiction (Docket No. 23). Fully briefed, this matter is ripe for review. For the following reasons, the Court will grant the instant motion.

### I.

*Pro se* Plaintiff Vivian Janet Bowman filed the instant employment-discrimination action against Defendants David Fiorini and Kristen Cunningham, the assistant principal and office manager at East Oldham Middle School, respectively, where Plaintiff was briefly employed as a substitute teacher.[1]

Plaintiff begins the complaint (DN 1) as follows:

> I the Plaintiff, Ms. Vivian Janet Bowman must take the responsibility to report this unlawful, intentional, direct, prejudice, hateful, harassment, age discrimination, retaliation against me based on my age, my sex, my religious creed of life which includes my single marital status because I am a widow,,,,by these very hateful prejudice defendants David Fiorini and Kristen Cunningham. These two defendants work together to break these federal and state laws.

---

[1] At the outset of its analysis, the Court notes that in Defendants' motion to dismiss, they cite to 29 different cases Plaintiff has filed in either the Western or Eastern District of Kentucky which were dismissed "because of [] various deficiencies." Plaintiff does not dispute this summary of her litigation history except to say that she "has been fight for myself for the past 25 years . . . Every which way in the state of Kentucky is rebellion against God" and that "Eastern KY is the most dangerous place in the world it is worse than any third world country because of their harlotry culture. I am very afraid of harlots and harassing whores" (DN 24-1).

Plaintiff first makes specific allegations regarding the day of April 24, 2019. She alleges that Defendant Cunningham treated her rudely on that day when she would not help Plaintiff find the lesson plans she needed as the substitute teacher. Plaintiff then states that, at the end of that day, Defendant Fiorini asked her to come to the office with him and replaced her "with this large size woman who has looks of masculine woman which is completely the opposite of my small feminine look." She states that Defendant Fiorini then told her she was not going to be "allowed to substitute teach again in that school" because she does not follow lesson plans or "have classroom management." She then alleges that Defendant Fiorini "falsely blames me that a boy student got his head hit by a ball or he hit his own head on the gym floor during PE class on February 14, 2019. . . . Hateful liar Defendant Fiorini knows the truth yet he wants to place his hateful prejudice, discrimination against me. . . ." She further states that the "United States Federal Court needs to know the ludicrous, immoral, leading to pervert language, liar words spoken by Defendant [] Fiorini – this Defendant [] Fiorini was becoming a pedophile there in his office." Plaintiff next alleges she then ran out the door because she was "afraid of a more serious attack" and that Defendant Cunningham told her to "get back in Mr. Fiorini's office" and "other nonsense words to show that she and [] Defendant Fiorini work together to show hate, age discrimination towards me. I only say to her 'yes madam' as I run out that door." In another section of the complaint, Plaintiff states that on one occasion Defendant Fiorini "sneaked into my classroom . . . I saw him squatting very low at BOY students desk! . . . there is no telling what he was doing in such low inappropriate places with boy students."

Plaintiff concludes her complaint as follows:

I am about 34 years older than this corrupt immoral defendant David Fiorini. This defendant wanted to destroy me because of my age, his hate towards me was and is most frightening. He used his position as vice principal to do abusive age

discrimination towards me. God Almighty this hateful defendant should not be allowed to grow old. This corrupt defendant David Fiorini wants to rob me of my livelihood because of my age, my creed of life, etc. Defendants are most brutal, mean spirited, they should not be humans they should be living in a zoo or out in the wild with beasts. As a good citizen this is my responsibility to report defendants to USA.

In the section of the Court-supplied complaint form which instructs Plaintiff to state briefly and precisely what damages or other relief the plaintiff asks the court to order, she writes, "Defendants are guilty of doing a hate crime against me" (DN 1-1).

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Upon the Court's review of the complaint, the Court finds that it does not state coherent allegations to establish the Court's jurisdiction, to show that Plaintiff is entitled to relief, or to state any claim for the relief sought. The pleadings, therefore, fail to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on

clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard.[2]

### III.

Thus, **IT IS HERBY ORDERED** that Defendants' motion to dismiss this action for failure to meet the pleading standard of Rule 8 and for lack of subject-matter jurisdiction (DN 23) is **GRANTED**.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: December 30, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of Record
4415.011

---

[2] Moreover, to the extent that the complaint could be construed as sufficiently asserting an employment discrimination claim against Defendants pursuant to Title VII of the Civil Rights Act of 1964, the claim would be subject to dismissal because the United States Court of Appeals for the Sixth Circuit has repeatedly made clear that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII," *Primm v. Tennessee Dep't of Human Servs.*, No. 16-6837, 2017 U.S. App. LEXIS 15779, *9 (6th Cir. Aug. 17, 2017) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)).

5